# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Beth Anglin

## DEFENDANTS
Pennsbury School District

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Thaddeus P. Mikulski, Jr.
365 White Horse Avenue
Hamilton, NJ 08610
Telephone: 609-581-0470

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. 621 et seq.
Brief description of cause:
Age discrimination - termination of employment.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 6/6/14
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| Beth Anglin, | CIVIL ACTION |
|---|---|
| Plaintiff, | NO: |
| vs. | COMPLAINT AND |
| Pennsbury School District, | JURY DEMAND |
| Defendant. | |

## PRELIMINARY STATEMENT

1. Plaintiff, Beth Anglin, seeks in this action declaratory, injunctive and equitable relief, liquidated and compensatory damages, and costs and attorney's fees against Defendant, Pennsbury School District, for engaging in age discrimination.

## JURISDICTION

2. This action arises under the Age Discrimination in Employment Act of 1967, 29 USC § 621 *et seq*. Jurisdiction over Plaintiff's federal claims is invoked pursuant to 28 USC §§ 1331, 1343 and 29 USC § 626(c) (1) and over Plaintiff's state law claims pursuant to 28 USC § 1367.

3. Charges against Defendant alleging age discrimination were timely filed with the Equal Employment Opportunity Commission and the Pennsylvania Department of Human Relations. Plaintiff has exhausted her

federal administrative remedies as more than sixty days have elapsed since she filed her charge of discrimination, and has exhausted her state administrative remedies as more than one year has elapsed since she filed her charge.

## VENUE

4. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 USC §§ 1391(b), because the Defendant conducts business in Bucks County, Pennsylvania and the events giving rise to this lawsuit occurred in Bucks County, Pennsylvania.

## PARTIES

5. Plaintiff is a citizen and resident of the United States living in Yardley, Pennsylvania. She is 54 years old and was formerly employed by Defendant as an English as a Second Language and Pupil Achievement Teacher (ESL/PAT), which position she held at the time she was subjected to adverse employment decisions due to her age. Plaintiff worked as an ESL/PAT teacher for Pennsbury School District elementary and middle schools during the periods of 1994 to 2006 and 2009 to 2012. During the time Plaintiff was employed by the Pennsbury School District, she performed at or above expectations and received letters of recommendations concerning her performance.

6. Defendant, Pennsbury School District, is an employer, engages in commerce, and employs more than twenty employees within the meaning of the Age Discrimination in Employment Act. Defendant, at all times pertinent hereto, was the employer of Plaintiff.

## COUNT I

## VIOLATION OF THE AGE DISCRIMINATION IN EMLOYMENT ACT
(Wrongful Termination and Failure to Promote on Basis of Age)

7. Plaintiff hereby incorporates by reference paragraphs 1 through 6 of this Complaint.

8. Plaintiff, an English as a Second Language Program Specialist, was graduated from the University of Pennsylvania in 1979 with a B.S. in General Arts and Sciences. In 1988, Plaintiff received a Graduate Certification Program for Elementary Education from Rider College. In 2004, Plaintiff received her English as a Second Language Program Specialist Certificate. Plaintiff worked as an ESL/PAT Teacher for the Pennsbury School District, in which she acquired substantial experience between during the periods of 1994 to 2006 and 2009 to 2012. Beginning in 2009, Plaintiff also worked at Bucks County Community College, as an English as a Second Language Instructor.

9. From 2009 until August 29, 2012, Plaintiff worked as an ESL/PAT at the Afton School of the Pennsbury School District. On August 2, 2012, a Vacancy Announcement for Certified Staff was posted by the Pennsbury School District, Human Resources Department. This posting was for a .4 ESL position at the Afton School effective August 29, 2012. Plaintiff submitted her application, resume, cover letter, with her letters of recommendation and copies of her certifications, as requested in the posting. Plaintiff was interviewed by Joseph Masgai, Principal of Afton Elementary School, Faye Mannick, Principal Walt Disney Elementary School and Mary-Margaret

Pannick, Supervisor of Assessment. Within a week of her interview, Plaintiff was informed that she had not been selected for the position. The person who was selected for the position was an individual, who was then approximately 26 years of age with minimal experience as an ESL teacher. Plaintiff's seniority and qualifications were superior to those of the new young hire.

10. Plaintiff requested Joseph Masgai and Mary-Margaret Pannick to provide reasons for the selection the other individual over her for the position. Joseph Masgai informed Plaintiff that the "The successful candidate had a solid ESL lens". He used this meaningless ambiguous justification despite previous praise for Plaintiff's performance as an ESL teacher, which included, among other praiseworthy statements the following: "Beth is an exceptional ESL teacher. Her understanding of curriculum, her sharp assessments of students and her supportive warmth make her an excellent candidate of choice." Mary-Margaret Pannick advised Plaintiff that she not been selected for the position, because it was "Important to study up on the WAPT to have knowledge of the WIDA exit test" An individual can only obtain this training through the sponsorship of the school district. This training involves a 3 to 4 hour video concerning the administration of a test in January of each year. This test has no relevance to the performance of an ESL teacher. Additionally, there would have been more than adequate time for Plaintiff to obtain the necessary training for the administration of the test in January, 2013. Moreover, the posting for the job only required ESL certification, for which Plaintiff possessed skills at the college level, far beyond the qualifications of an elementary school

position.

11. Defendant's articulated reasons for the selection of a substantially less qualified individual instead of Plaintiff were false and constituted a pretext. Respondent's selection of a younger individual with limited experience rather than Plaintiff for the position constituted discrimination on the basis of her age.

12. The Pennsbury School District terminated her employment on or about August 29, 2012, after it filled the position for ESL/PAT teacher. Defendant's decision to not promote Plaintiff to the ESL/PAT position and to terminate her employment were made on account of her age, in violation of 29 U.S.C. § 623(a)(1) and, therefore, entitles Plaintiff to relief.

13. Defendant's aforesaid actions constitute a willful violation of 29 U.S.C. § 623 and, as such, entitles the Plaintiff to recover liquidated damages.

14. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged and is now suffering and will continue to suffer irreparable injury from her treatment by Defendant unless Defendant is enjoined by this Court.

**WHEREFORE**, Plaintiff, Beth Anglin, respectfully requests that this Honorable Court enter an order providing the following:

a. That Plaintiff recover from Defendant back pay with interest, front pay, compensatory damages, liquidated damages and such other monetary relief the Court deems just;

b. That Plaintiff recovers from Defendant her costs, including expert witness fees and reasonable attorneys' fees, together with such other remedies as may be provided by law;

c. That the Court grants such other relief, including equitable and injunctive relief, as it deems just and proper.

## COUNT II

### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### (Wrongful Termination and Failure to Promote on Basis of Age)

15. Plaintiff hereby incorporates by reference paragraphs 1 through 14 of this Complaint.

16. Plaintiff reasserts and realleges all allegations of Count I as such facts also constitute violations of the Pennsylvania Human Relations Act.

**WHEREFORE**, Plaintiff, Beth Anglin, respectfully requests that this Honorable Court enter an order providing the following:

a. That Plaintiff recover from Defendant back pay with interest, front pay, compensatory damages and such other monetary relief the Court deems just;

b. That Plaintiff recovers from Defendant her costs, including expert witness fees and reasonable attorneys' fees, together with such other remedies as may be provided by law;

c. That the Court grants such other relief, including equitable and injunctive relief, as it deems just and proper.

## JURY TRIAL

Plaintiff demands a jury trial.


Dated:  June 6, 2014         /s/ Thaddeus P. Mikulski, Jr.  TPM 5593

                             Thaddeus P. Mikulski, Jr.
                             365 White Horse Avenue
                             Hamilton New Jersey, 08610
                             (609) 581-0470

                             Attorney for Plaintiff, Beth Anglin

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Beth Anglin : CIVIL ACTION
v. :
Pennsbury School District : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

6/11/14   THADDEUS P. MIKULSKI
Date      Attorney-at-law             Attorney for Plaintiff

609-581-0470   609-581-0471           mikulski@optonline.net
Telephone      FAX Number             E-Mail Address

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1355 James Court, Yardley, PA 19067

Address of Defendant: 1673 Quarry Road, Yardley PA 19067

Place of Accident, Incident or Transaction: Afton School Yardley PA of Pennsbury School District
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑

Does this case involve multidistrict litigation possibilities?   Yes☐   No☑

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Thaddeus P. Mikulski Jr., counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/11/14   _____ Attorney-at-Law   43789 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/11/14   _____ Attorney-at-Law   43789 Attorney I.D.#

CIV. 609 (5/2012)